UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| QUALITY LEASING CO., INC., | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:18-CV-23-TLS-APR |
| FRANK THOMAS SHUMATE, JR. and MARK W. LOPEZ, | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Motion to Set Aside Entry of Default and Motion for Enlargement of Time to Answer or File a Responsive Pleading to the Complaint for Money Damages [ECF No. 53]. For the reasons set forth below, the Court grants the motion.

**BACKGROUND**

On January 19, 2018, the Plaintiff, Quality Leasing Co., Inc., filed its Complaint [ECF No. 1] in this Court, seeking recovery on Guaranty Contracts signed by the Defendants Frank Thomas Shumate, Jr. and Mark W. Lopez guaranteeing the obligations of non-party Cinch Energy under a Master Lease Agreement between the Plaintiff and Cinch Energy. On May 24, 2019, the Defendants filed a Motion to Dismiss for Lack of Jurisdiction [ECF No. 16], arguing that this Court should abstain from assuming jurisdiction based on a parallel proceeding in Texas state court brought by the Plaintiff against Cinch Energy.[1] In July and November 2018, the Defendants' attorneys withdrew their appearances in this case. *See* ECF Nos. 33, 39.

---

[1] The Plaintiff's Texas state court complaint was also brought against Shumate and Lopez for breach of the Guaranty Contracts. On January 23, 2018, the Plaintiff filed a notice of nonsuit against Shumate and Lopez, and the Texas state court dismissed the claims against them without prejudice.

On February 14, 2019, the Court set a telephonic status conference for March 6, 2019. ECF No. 40. Shumate appeared pro se for the conference; Lopez did not appear. ECF No. 41. On July 10, 2019, the Court denied the Defendants' Motion to Dismiss for Lack of Jurisdiction. ECF No. 42. On August 22, 2019, the Magistrate Judge set this matter for a telephonic preliminary pretrial conference for September 13, 2019. ECF No. 43.

On September 4, 2019, the Plaintiff filed a Motion for Clerk's Entry of Default [ECF No. 44], and a Clerk's Entry of Default [ECF No. 46] was entered on September 10, 2019. The Plaintiff filed a Motion for Default Judgment [ECF No. 50] on September 25, 2019.

On October 7, 2019, counsel entered appearances on behalf of the Defendants. *See* ECF Nos. 51, 52. On October 30, 2019, the Defendants filed the instant Motion [ECF No. 53], asking the Court to set aside the entry of default and to grant an extension of time to respond to the Complaint. The motion is fully briefed. On November 8, 2021, the Plaintiff's Motion for Default Judgment [ECF No. 50] was withdrawn at the Plaintiff's request. ECF No. 64.

**ANALYSIS**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009) (quoting *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)). The Seventh Circuit "has a well established policy favoring a trial on the merits over a default judgment." *Sun*, 473 F.3d at 811 (citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984)). The decision of whether to vacate an entry of default

2

is left to the sound discretion of the district court. *Id.* at 810 (citing *Robinson Eng'g Co. Pension Plan and Tr. v. George*, 223 F.3d 445, 448 (7th Cir. 2000)).

      First, the Court finds good cause for the default. On July 10, 2019, while the Defendants were proceeding without counsel, the Court issued an opinion denying the Defendants' motion to dismiss. As a result, the deadline for the Defendants' response to the Plaintiff's Complaint was July 24, 2019. *See* Fed. R. Civ. P. 12(a)(4) ("[I]f the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action[.]"). However, no deadline was entered on the docket, nor was any written notice of the deadline sent to the pro se Defendants. Both Defendants have filed affidavits stating that, when their attorneys withdrew their appearances, they were unaware that an answer needed to be filed and that a failure to file an answer would result in default. The affidavits assert that they have not ignored this matter, as shown by their defense of this matter in the Texas state court and the motion to dismiss in this case. Had they known of the risk of default, the Defendants would have retained counsel sooner, and they intend to vigorously defend this action. Although pro se litigants must follow the rules of procedure, the Court finds that the Defendants' explanation is credible and there is no evidence of bad faith. *See Vitran Express*, 559 F.3d at 631 ("Vitran has shown good cause for the lateness of its answer; it did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence."); *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) ("Scheck Mechanical showed good cause through declarations establishing that its failure to file a timely answer was not willful but the result of a mistake in processing the documents with its insurer.").

      Second, the Court finds that the Defendants acted quickly to correct their mistake. Once the clerk's entry of default was entered on September 10, 2019, and the motion for default

judgment was filed on September 25, 2019, new attorneys for the Defendants entered appearances on October 7, 2019, filing the instant motion less than three weeks later.

Finally, as to a meritorious defense, the Defendants assert the affirmative defenses that the Plaintiff is equitably estopped from pursing this matter and that the Defendants attempted to mitigate damages by selling the commercial equipment at issue but that the Plaintiff wrongfully withheld title or otherwise interfered with their attempts to satisfy the financial terms of the contract or to otherwise mitigate damages. Although the Court addressed these defenses on the motion to dismiss in the context of ruling on the issue of abstention—namely whether a ruling in the state contract action against Cinch Energy would be determinative of the claims on the Guaranty Contracts in this case, the procedural postural of that ruling does not preclude litigation of the defenses to the Complaint.

Therefore, based upon the record as a whole and in an exercise of discretion, the Court finds that the Defendants have established good cause to set aside the Clerk's Entry of Default.

## CONCLUSION

Accordingly, the Court hereby GRANTS the Defendants' Motion to Set Aside Entry of Default and Motion for Enlargement of Time to Answer or File a Responsive Pleading to the Complaint for Money Damages [ECF No. 53]. The Court VACATES the Clerk's Entry of Default [ECF No. 46] and ORDERS that the Defendants shall have up to and including February 18, 2022, in which to respond to the Plaintiff's Complaint.

SO ORDERED on January 18, 2022.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT